IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ANTEAUS N. YARBOUGH** behalf of herself and other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **KAISER PERMANENTE GEORGIA REGION a/k/a KAISER PERMANENTE INSURANCE COMPANY** <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Anteaus N. Yarbough ("Plaintiff" or "Yarbough"), by and through her attorneys brings this action for damages and other legal and equitable relief, stating the following as her claims against Defendant Kaiser Permanente Georgia Region a/k/a Kaiser Permanente Insurance Company ("Kaiser Permanente"):

## PRELIMINARY STATEMENT

1. This case arises under the Americans with Disabilities Act, 42 U.S.C § 12101 et seq., as amended ("ADA").

2. Plaintiff was a Kaiser Permanente employee with an actual, recorded, or

perceived disability. She was cleared to work by her physician(s) and is qualified to perform the essential functions of her specific job with or without an accommodation. Plaintiff never had a work incident related to her actual, recorded, or perceived disability that would give Kaiser Permanente a reasonable belief that Plaintiff was unable to perform the essential functions of her job, or that Plaintiff posed a direct safety threat to others because of her medical conditions.

3. Pursuant to a company-wide pattern and practice, Kaiser Permanente singled out Plaintiff because of her actual, recorded, or perceived disability, and demanded that Plaintiff disclose her medical condition to it. Plaintiff informed Kaiser Permanente that she suffered from anxiety and depression in the Fall of 2018 and again in May 2019.

4. Once Kaiser Permanente learned of her diagnosis it singled out the Plaintiff to take what it termed as a "competency test" for the job she already occupied.

5. In March 2019, the Plaintiff requested a reasonable accommodation regarding taking the "competency test", which was denied. The specific accommodation was a postponement until she was mentally stable to sit for the test. Plaintiff's request was denied and she and others were told that they had failed the test, even though they did not receive their test scores.

6. Kaiser Permanente tested the Plaintiff again in August 2019. Again, she was not given her score; however, she was told that she had failed. Prior to taking the test [July 24, 2019], the Plaintiff had again requested a postponement until she was mentally stable enough to sit for it. As before, this request was denied outright.

7 Kaiser Permanente categorically refused to accommodate the Plaintiff's request that she be allowed a postponement to take the test due to mental instability.

8 Kaiser Permanente never followed up with Plaintiff regarding the proposed request, never offered the Plaintiff any accommodations whatsoever, and completely failed to engage in an interactive process regarding what accommodations could be provided to Plaintiff.

**I.   PARTIES**

9. Yarbough is an individual who resides in College Park, Georgia.

10. Kaiser Permanente is a foreign corporation doing business in the Northern District of Georgia. Kaiser Permanente's headquarters are located at 3495 Piedmont Road NE, Atlanta, Georgia.

11. During all relevant times, Yarbough was an employee of Kaiser Permanente within the meaning of the ADA. Kaiser Permanente was Yarbough's employer within the meaning of the ADA.

## II.    JURISDICTION AND VENUE

12.    This action arises under the ADA 42 U.S.C § 12101 et seq.

13.    Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in the Northern District of Georgia.

## III.    FACTUAL ALLEGATIONS

14.    Yarbough began working for Kaiser Permanente on or about October 4, 2010 as a Customer Service Coordinator, in Atlanta, Georgia.  Prior to her termination she was a Patient Care Associate at Kaiser Permanente's Cascade, Georgia office.

15.    Yarbough has been diagnosed with anxiety and depression and she disclosed her medical condition to Kaiser Permanente in the Fall of 2018.

16.    Yarbough has never had a work incident related to her anxiety and depression, and her conditions are controlled through medication and therapy.

17.    In 2019, the Defendant instituted what it called "competency test" for its employees.  These tests were given to employees even if they were already occupying and performing satisfactorily in their current positions.

18.    In March 2019, the Plaintiff requested a reasonable accommodation regarding taking the "competency test", which was denied.  The specific accommodation was a postponement until she was mentally stable to sit for the test.

Plaintiff's request was denied and she and others were told that they had failed the test, even though they did not receive their test scores.

19. Kaiser Permanente tested the Plaintiff again in August 2019. Again, she was not given her score; however, she was told that she had failed. Prior to taking the test [July 24, 2019], the Plaintiff had again requested a postponement until she was mentally stable enough to sit for it. As before, this request was denied outright.

20. Kaiser Permanente categorically refused to accommodate the Plaintiff's request that she be allowed a postponement to take the test due to mental instability.

21. Kaiser Permanente never followed up with Plaintiff regarding the proposed request, never offered the Plaintiff any accommodations whatsoever, and completely failed to engage in an interactive process regarding what accommodations could be provided to Plaintiff.

22. On November 8, 2019, the Plaintiff was terminated because she, "no longer met the job requirements and was not successful passing the second attempt of the competency test."

23. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on or around April 22, 2020, alleging violations of the ADA.

24. The EEOC issued Plaintiff a right to sue on August 5, 2020.

## IV.     CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED (DISABILITY DISCRIMINATION)

25.     Plaintiff is a qualified individual with an actual, recorded, and/or perceived disability under the ADA.

26.     Section 12112(a) of the ADA prohibits employers from discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

27.     Kaiser Permanente discriminated against Plaintiff on the basis of disability in regard to discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

28.     Because Kaiser Permanente violated 42 U.S.C. § 12112, Plaintiff has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Plaintiff is also entitled to attorneys' fees and costs incurred in connection with her claims.

29. Kaiser Permanente committed the above-alleged facts with reckless or deliberate disregard for the rights and safety of Plaintiff. As a result, Plaintiff is entitled to punitive damages.

## COUNT II

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED
### (UNLAWFUL MEDICAL REQUESTS)

30. Plaintiff is a qualified individual with an actual, recorded, and/or perceived disability under the ADA.

31. Section 12112(d)(4)(A) of the ADA provides: A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job related and consistent with business necessity.

32. Though it was neither job-related nor consistent with any business necessity, Kaiser Permanente inquired as to whether Plaintiff is an individual with a disability and as to the nature and severity of the disability.

33. Because Kaiser Permanente violated 42 U.S.C. § 12112(d)(4)(A), Plaintiff has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Plaintiff is also entitled to

attorneys' fees and costs incurred in connection with this claim.

34. Kaiser Permanente committed the above-alleged acts with reckless or deliberate disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to punitive damages.

## COUNT III

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED
### (FAILURE TO ACCOMMODATE)

35. Plaintiff is a qualified individual with an actual, recorded, and/or perceived disability under the ADA.

36. Section 12112(a) of the ADA prohibits discrimination against individuals with a qualified disability, and 42 U.S.C. § 122112(b)(5)(A) includes the following in the definition of "discrimination": [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

37. To the extent Plaintiff required accommodations, they were reasonable and Kaiser Permanente did not provide them.

38. Because Kaiser Permanente violated 42 U.S.C. § 12112(a), Plaintiff has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Plaintiff is also entitled to attorneys' fees and costs incurred in connection with her claims.

39. Kaiser Permanente committed the above-alleged acts with reckless or deliberate disregard for the rights and safety of Plaintiff. As a result, Plaintiff is entitled to punitive damages.

## V.   PRAYER FOR RELIEF

WHEREFORE, Yarbough prays for judgment against Kaiser Permanente as follows:

a) That the practices of Kaiser Permanente complained of herein be determined and adjudged to constitute violations of the ADA;

b) An injunction against Kaiser Permanente and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein;

c) For an award of damages arising from loss of past and future income, and other damages, all in an amount in excess of $75,000;

  d)  For an award of damages for mental anguish and emotional distress in an amount in excess of $75,000;

  e)  For Plaintiff's costs, disbursements and attorneys' fees pursuant to law;

  f)  For Pre-judgment interest, as provided by law;

  g)  For all relief available under the ADA, including punitive damages and reinstatement;

  h)  For such other and further relief available by statute; and

  i)  For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

        Respectfully submitted,

        /s/Roderick T. Cooks
        Roderick T. Cooks (*pro hac vice forthcoming*)
        Lee D. Winston (*pro hac vice forthcoming*)
        Attorneys for the Plaintiff

**OF COUNSEL:**
Winston Cooks, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: (205) 502-0970
Facsimile: (205) 278-5876

**PLAINTIFF'S ADDRESS:**
Anteaus N. Yarbough
c/o Winston Cooks, LLC
505 20th Street North
Suite 815
Birmingham, AL 35203

**DEFENDANT'S ADDRESS:**
Kaiser Permanente Insurance Company
CORPORATION SERVICE COMPANY
40 Technology Parkway South
Suite 300
Norcross, GA 30092